IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carlos Ortiz, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 1:19-1954-BHH |
| v. ) | |
| ) | **ORDER** |
| Warden of FCI Williamsburg, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Petitioner Carlos Ortiz's ("Petitioner" or "Ortiz") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 25, 2019, Respondent Warden of FCI Williamsburg ("Respondent") filed a motion to dismiss. In accordance with 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On April 7, 2020, Magistrate Judge Shiva V. Hodges issued a report and recommendation ("Report"), analyzing the issues and recommending that the Court grant Respondent's motion to dismiss. Petitioner filed objections to the Report, and the matter is ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

In his petition, Petitioner challenges the validity of his sentence following the Supreme Court's holding in *Burrage v. United States*, 571 U.S. 204 (2014), and he seeks relief pursuant to *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

In her Report, the Magistrate Judge outlined the history of Petitioner's conviction and sentence, including Petitioner's prior motion filed pursuant to 28 U.S.C. § 2255 and application for clemency under Clemency Project 2014. After reviewing this history as well as Petitioner's current claim, the Magistrate Judge recommended that the Court grant Respondent's motion to dismiss, finding that Petitioner is unable to meet the "savings clause" set forth in 28 U.S.C. § 2255 and that the Court therefore lacks jurisdiction to consider this petition.

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1] *In re Vial*, 115 F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual

---

[1] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

2

has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n. 5.

The Fourth Circuit established an updated savings clause test under § 2255 for a petitioner who contests his sentence. *Wheeler*, 886 F.3d at 429. Specifically, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429.

Here, the Magistrate Judge found that Petitioner cannot meet the second requirement of *Wheeler* because he cannot show that a change in settled law, specifically, the Supreme Court's decision in *Burrage*, applies to him. The Magistrate Judge noted that *Burrage* substantively changed the law with respect to the causation standard that applies to the statutory death enhancement under 21 U.S.C. § 841(b), and that *Burrage* is retroactive to cases on collateral review. However, the Magistrate Judge found that *Burrage* does not apply here because Petitioner was not sentenced under the statutory death enhancement under 21 U.S.C. § 841(b); rather, Petitioner was sentenced under the Sentencing Guidelines enhancement under U.S.S.G. § 2D1.1(a)(2). The Magistrate Judge explained that although both § 841(b)(1) and § 2D1.1(a)(2) were taken into account during sentencing, Petitioner's life sentence was imposed as the result of the application of § 2D1.1(a) of the then-mandatory Sentencing Guidelines. (*See* ECF No. 36 at 8-10.) The

Magistrate Judge specifically considered and rejected Petitioner's argument that *Burrage* applies in light of the Fourth Circuit's decisions in *United States v. Patterson*, 38 F.3d 139, 144 n.5 (4th Cir. 1994), and his direct appeal, which both discussed the parallel nature of §§ 841(b) and 2D1.1(a).  *United States v. Ortiz*, No. 93-5473, 1995 WL 234276, *3 (4th Cir. 1995), *writ denied*, No. CIV.A.WDQ-12-689, 2012 WL 893291 (D. Md. March 13, 2012), *aff'd*, 555 F. App'x 261 (4th Cir. 2014).  In rejecting Petitioner's arguments, the Magistrate Judge relied on another decision from this District, where Judge Cameron Currie dismissed a § 2241 petition based on her finding that *Burrage* has not been held to apply to the "death enhancement" in § 2D1.1(a)(1) of the Sentencing Guidelines.  *See Young v. Antonelli*, No. 0:18-1010-CMC, 2019 WL 3162398 (D.S.C. July 16, 2019).

Petitioner filed objections to the Magistrate Judge's Report, repeating the arguments previously raised and rejected by the Magistrate Judge.  Petitioner asserts that the Magistrate Judge's finding that *Burrage* does not apply § 2D1.1(a) of the Sentencing Guidelines directly conflicts with the Fourth Circuit's holdings in *Patterson* and *Ortiz*, and Petitioner takes issue with the Magistrate Judge's reliance on Judge Currie's unpublished decision in *Young*.  Petitioner urges the Court to reject the Magistrate Judge's Report and instead hold that because §§ 841(b) and 2D1.1(a)(2) have the same causation standard, *Burrage* applies to both of them equally.

After *de novo* review, the Court is not convinced by Petitioner's objections and instead finds it appropriate to follow Judge Currie's well-reasoned decision in *Young*.  As Judge Currie explained, "*Burrage* has not been held to apply to the Sentencing Guidelines." 2019 WL 3162398, *2; *see also Rosario v. Breckon*, C.A. No. 7:18-255, 2019 WL 4306982, at *4 (W.D. Va. Sept. 11, 2019) ("Since *Burrage*, many courts have reached the conclusion

4

that its holding applies to the statutory death enhancement found in 21 U.S.C. § 841 and not to the corollary enhancements found in the Sentencing Guidelines."); *Bridgers v. Andrews*, No. 5:17-HC-2105-D, 2018 WL 5269357, *3 (E.D.N.C. Oct. 23, 2018) (dismissing a § 2241 petition for lack of jurisdiction, noting, among other things, that "*Burrage* does not apply to Bridgers' sentence, which was enhanced pursaunt to 2D1.1 of the advisory sentencing guidelines."). Moreover, even though the Sentencing Guidelines were mandatory at the time of Petitioner's sentence, as Judge Currie explained in *Young*, "[t]he Supreme Court has made clear sentencing statutes are treated differently and subject to different requirements than guideline enhancements," and "the question whether a sentence imposed under a mandatory guideline scheme is akin to one imposed pursuant to a statute is considered expressly open if not resolved. 2019 WL 3162398*, *3 (citations omitted). For these reasons, the Court agrees with the Magistrate Judge that Petitioner has not met the savings clause requirements set forth in *Wheeler*. Therefore, the Court lacks jurisdiction to consider the validity of Petitioner's sentence pursuant to 28 U.S.C. § 2241.

## **CONCLUSION**

Here, because the Court agrees with the Magistrate Judge's conclusions as to the Court's lack of jurisdiction in this case, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 36); the Court overrules Petitioner's objections (ECF No. 37); and the Court grants Respondent's motion to dismiss (ECF No. 32) and dismisses this petition without prejudice for lack of jurisdiction. Nevertheless, because the Court also recognizes the important and highly debatable nature of the issue raised in this petition, as well as the fact that Judge Currie's decision in *Young* remains pending on direct appeal, the Court also

5

finds that the legal standard for a certificate of appealability has been met, and the Court grants Petitioner a certificate of appealability of the issue presented in this case.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

September 24, 2020
Charleston, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.